IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| L.C. Brown, #275487,<br><br>      PLAINTIFF,<br><br>  v.<br><br>Major Carter,<br><br>      DEFENDANT. | Case No. 4:20-cv-00924-TLW<br><br>**Order** |

Plaintiff L.C. Brown, a state prisoner, proceeding *pro se*, filed this civil action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1. The Plaintiff alleges that he was denied his visitation rights and those visitation rights were then reinstated after he filed a grievance. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 18.

In the Report, the magistrate judge recommends that Plaintiff's case be dismissed. The magistrate judge found that in order to bring a § 1983 claim, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The magistrate judge found that "Plaintiff does not have a constitutional right to visitation." ECF No. 18 at 3 citing *White v. Keller*, 438 F. Supp. 110, 115 (D. Md. 1977), *aff'd*, 588 F.2d 913 (4th Cir. 1978); *Africa v. Vaughn*, 1996 WL 6545 at *1 (E.D.Pa. 1996) ("[a]n inability to receive visitors is not atypical and unusually harsh compared to the ordinary circumstances contemplated by a prison sentence."); *Sandin v. Conner*, 515 U.S. 472, 483 (1995); Ozolina v. Durant, 1996 WL 82481

1

at *1 (E.D.Pa. 1996) (Under *Sandin*, "there is no right to visitation protected by the Due Process Clause"); *Byrd v. Pittman*, 1995 WL 434453 (D.D.C., July 1995) (no constitutional right to visitation because denial of visitation does not concern a protected liberty interest, and revocation of visitation will not affect duration of plaintiff's sentence); *Allah v. Burt*, 2010 WL 476016, at *6 (D.S.C. Feb. 3, 2010). This matter is now ripe for decision.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. No objections were filed to the Report by the Plaintiff. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court has carefully reviewed the Report. For the reasons stated by the magistrate judge, the Report, ECF No. 18, is **ACCEPTED**. This action is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

June 22, 2020
Columbia, South Carolina